UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| GUY RANDY WHITE HORSE,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:15-CV-05010-KES<br><br><br>ORDER DENYING MOTION FOR RECUSAL |

Pending is Guy Randy White Horse's pro se motion to recuse the court from any further involvement in this case. Docket 10. The government has not responded to the motion. For the following reasons, the court denies the motion.

## BACKGROUND

White Horse was convicted by a jury of aggravated sexual abuse of a child in Indian Country. His conviction was affirmed on direct appeal in *United States v. White Horse,* 316 F.3d 769 (8th Cir. 2003). This court's denial of his habeas corpus petition was affirmed on appeal in *White Horse v. United States*, 209 F. App'x 610 (8th Cir. 2006). This court dismissed attempts at successive petitions by text order on January 28, 2015, *see* 01-50002, Docket 135, and by written order on May 4, 2015. *See* 15-5010, Docket 6. White Horse now alleges that on October 23, 2013, he filed an action with the Indian Claims Commission under the "Badman" Clause of the Fort Laramie Treaty against Karen Schreier and Gregg Peterman. He argues that because this matter is

pending, Judge Schreier should recuse herself from this case because the pending "Badman" action creates a conflict of interest for the judge.

## DISCUSSION

28 U.S.C. § 455 lays out specific circumstances in which recusal of a judge is required, including situations where a judge has a bias or prejudice concerning a party or personal knowledge of disputed facts, where a judge was previously in private practice with a lawyer on the matter in controversy, or where a judge was in government employment and expressed an opinion concerning the merits of the particular case. *See* 28 U.S.C. § 455(b). None of these apply here. Section 455(a) also states a general standard governing recusal. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This section imposes an objective standard, requiring a judge to determine " 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.' " *Hammer v. Sam's East, Inc.*, 754 F.3d 492, 503 (8th Cir. 2014) (quoting *In re Kan. Pub. Emp. Ret. Sys.*, 85 F.3d 1353, 1358 (8th Cir. 1996)). "Because a 'judge is presumed to be impartial,' a party seeking recusal 'bears the substantial burden of proving otherwise.' " *Id.* (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)).

Recusal is not required simply because a party initiates a lawsuit naming as a defendant the judge that is presiding over his case. *See, e.g.*, *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified

2

merely because a litigant sues or threatens to sue him."); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) (same). "One reason for this policy is that a per se rule of disqualification would allow litigants to judge shop by filing a suit against the presiding judge." *In re Taylor,* 417 F.3d 649, 653 (7th Cir. 2005). "To let such a motion succeed absent a legally sufficient basis would allow any litigant to thwart the legal process by merely filing a complaint against the judge hearing the case." *Jones v. City of Buffalo*, 867 F. Supp. 1155, 1163 (W.D.N.Y. 1994) (citation omitted); *see also in re Martin-Trigona,* 573 F. Supp. 1237, 1242 (D. Conn. 1983) (rejecting a "pattern and practice of suing judges . . . to clog the legal system by filing countless costly and time-consuming documents which obscure the issues and place extraordinary burdens on the parties, the attorneys and the judges (who are often the subject of [the movant's] motions for recusal.")). As the Seventh Circuit observed,

> litigants displeased with Judge A's adverse rulings could easily manipulate the system by filing a misconduct complaint, thereby disqualifying Judge A from hearing the case, in the hopes that the case would then be assigned to Judge B who might be more sympathetic to their cause.
>
> 'Judge shopping' is not a practice that should be encouraged.

*In re Mann*, 229 F.3d 657, 658 (7th Cir. 2000).

Moreover, because suits against public officials are common, a judge will not likely harbor bias against an individual because that person named the judge in a civil lawsuit. *Taylor*, 417 F.3d at 653. Thus, the inquiry does not end simply because White Horse has filed a lawsuit naming this judge as a defendant. Rather, the question remains whether

a reasonable person with the knowledge of all the relevant facts of this case would conclude that this court's impartiality might reasonably be questioned. *Hammer*, 754 F.3d at 503.

The only factual ground, aside from the suit itself, that has been asserted by White Horse is "that it would be in the best interests of justice if she recused herself, as she now has personal biases." Docket 10 at 1. White Horse's subjective beliefs are not a proxy for the objective standard by which motions for recusal are analyzed. *See, e.g., Davis v. C.I.R.*, 734 F.2d 1302, 1303 (8th Cir. 1984) (allegations amounting to "conclusions, opinions, and rumors are an insufficient basis for recusal"); *Willner v. Univ. of Kan.*, 848 F.2d 1023, 1027 (10th Cir. 1988) ("An unsubstantiated suggestion of personal bias or prejudice is not sufficient to mandate recusal under section 455(a)."); *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (explaining that "a judge . . . should not recuse himself on unsupported, irrational, or highly tenuous speculation."). White Horse's allegations of personal biases are too tenuous, unsubstantiated, and conclusory to demonstrate that a reasonable person, with knowledge of all the facts on this record, would be lead to the conclusion that this court's impartiality might reasonably be questioned. Consequently, White Horse's motion for recusal is denied.

## CONCLUSION

White Horse has not met his burden of demonstrating that recusal is warranted under these circumstances. Accordingly, it is

ORDERED that White Horse's motion for recusal (Docket 10) is denied.

Dated February 22, 2016.

                          BY THE COURT:

                          /s/ *Karen E. Schreier*
                          KAREN E. SCHREIER
                          UNITED STATES DISTRICT JUDGE