UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| GUY RANDY WHITE HORSE, Petitioner, vs. UNITED STATES OF AMERICA, Respondent. | 5:15-CV-05010-KES ORDER DENYING MOTION UNDER RULE 60(B) |

Petitioner, Guy Randy White Horse, moves under Rule 60(b) to excuse his procedural default under the Antiterrorism and Effective Death Penalty Act of his habeas corpus action because he has newly discovered evidence to meet the cause and prejudice standards. The government responds that the motion should be denied because it is in essence a successive petition that has not been certified by the court of appeals pursuant to 28 U.S.C. § 2244(3)(A). The government also contends that Rule 60 cannot be used to correct a criminal judgment.

White Horse's conviction was affirmed on direct appeal in *United States v. White Horse*, 316 F.3d 769 (8th Cir. 2003). This court's denial of his habeas corpus petition was affirmed on appeal in *White Horse v. United States*, 209 F. App'x 610 (8th Cir. 2006). This court dismissed an attempt at a successive petition by text order on January 28, 2015. *See* 01-50002, Docket 135. And it

dismissed a third attempt at a successive petition by written order on May 4, 2015. *See* 15-5010, Docket 6.

White Horse now moves under Rule 60(b) to vacate the most recent order denying him relief. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances, including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). The Supreme Court has recognized that a motion under Rule 60(b) to present newly discovered evidence in support of a claim "is in substance a successive habeas petition and should be treated accordingly." *Id.* at 531. "[U]se of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be pre-certified by the court of appeals[.]" *Id.* at 532.

White Horse claims he has newly discovered evidence that was not available at the time of trial. This is a substantive claim that in essence is a successive petition. Whether this evidence meets the standard set forth in 28 U.S.C. 2255(h)(1) to authorize the filing of a second or successive petition is an issue for the court of appeals to determine. *See* 28 U.S.C. §§ 2255(h)(1) and 2244. This court cannot proceed until the court of appeals has authorized a successive petition.[1] Without the authorization, the court must dismiss the petition. 28 U.S.C. § 2244(b)(4).

---

[1] In its most recent consideration of such an application, the Court of Appeals rejected the petitioner's request. *White Horse v. United States,* No. 15-3303 (8th Cir. December 1, 2015).

Therefore, it is

ORDERED that the motion under Rule 60(b) (Docket 11) is denied.

Dated February 22, 2016.

                          BY THE COURT:

                          */s/ Karen E. Schreier*
                          KAREN E. SCHREIER
                          UNITED STATES DISTRICT JUDGE